AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
2019 DEC 12  AM 9:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Brandon SIMS | ) | Case No. 1:19-MJ-782-ML |
| DOB: 06/17/1994, Ht: 5'7", Wt: 125, Eyes: Brown, Hair: Black | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 11, 2019__ in the county of __Bexar__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Section 841(a)(1) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

John N. Schexnayder, DEA Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: **12-12-2019**

_____
Judge's signature

City and state:  Austin, Texas

Mark Lane, U.S. Magistrate Judge
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> v. § <br> Brandon SIMS § <br> DOB: 06/17/1994, Ht: 5'7", Wt: 125, § <br> Eyes: Brown, Hair: Black § | 1:19-MJ-782-ML |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, being duly sworn, do depose and state the following:

1. I am currently employed as a Special Agent with the Drug Enforcement Administration (DEA) and have been so since June 30th, 1991. Your Affiant is currently assigned to the DEA Austin Resident Office (Tactical Diversion Squad). During this time, I have conducted and participated in numerous investigations concerning narcotics trafficking, money laundering, and narcotics related violent crimes.
2. Affiant has been a Special Agent for 28 years 6 months. During my employment with DEA, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal narcotics laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.
3. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Brandon SIMS did knowingly and willfully Possess with Intent to Distribute Methamphetamine in San Antonio, Texas on December 11, 2019. Since this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit.
4. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers;

and (c) the training and experience of myself and other law enforcement agents and officers.

5. On December 10, 2019, United States Magistrate Judge Mark Lane approved a criminal complaint to arrest Rose Rodriguez RABIN for distribution of controlled substances. The Court also approved two search warrants on locations attributed to Rodriguez RABIN's alleged criminal activities. On Wednesday, December 11, 2019, DEA agents initiated surveillance on Rodriguez RABIN's apartment building at 5602 Presidio Parkway, San Antonio, Texas based upon an ongoing investigation that RABIN was manufacturing and distributing counterfeit Adderall pills. At approximately 11:25 am, TFO Jeff Brennecke observed a subject known to DEA as Brandon SIMS depart Ms. Rodriguez RABIN's building carrying an orange duffel bag and a plastic tote container. Mr. SIMS is known to DEA as he was observed carrying a suspected pill tableting machine mounted on a pallet on December 10, 2019 from a storage unit facility in San Antonio, TX. TFO Brennecke observed Mr. SIMS enter the driver's seat of a White Ford Transit Van 250 AZ tag AJ34427. The van driven by SIMS subsequently departed the complex followed by SA Tim Davis. SA Davis and assisting agents followed Mr. SIMS to the entrance gate of Key Storage, 13651 IH-10 Frontage Rd San Antonio 78249. SA Davis observed SIMS enter a code into the gate keypad and enter the facility in the van. SA Davis and assisting agents followed the van to a standalone storage wing on the eastside of the facility. Mr. SIMS parked the van and moved to enter the building door near Unit 546. As DEA agents approached Mr. SIMS in vehicles, he began to flee and re-enter the driver's seat to attempt to drive away. Agents were able to stop Mr. SIMS and place in him an investigative detention. In plain view in the van, SA Davis observed the open orange duffel bag which contained significant quantities of tablets packaged consistent with Adderall for distribution. Also in plain view was a Chinese-manufactured machine which SA Davis believed may have been used in pill tableting based on training and experience.

6. SA Davis then interviewed the storage unit manager who informed SA Davis that SIMS entered the unique access code attributed to Unit 546 at Key Storage, 13651 IH-10 Frontage Rd San Antonio 78249 (place to be searched). The storage unit manager confirmed SIMS entered the code based on viewing the security camera footage and also

observing SIMS's face while he was in police custody. The storage unit lease is attributed to Edward Moore (subject unknown to DEA). The van lease is unknown as agents have paused to enter the van to recover rental documents pending review of the search warrant application. Based on training and experience, SA Davis knows it is common for drug traffickers to use proxy or unwitting individuals to secure leases and rent vehicles to mask the involvement of principal conspirators involved in crimes. Based on the surveillance and the practices of Mr. SIMS and Ms. RODRIGUEZ RABIN, SA Davis believed these co-conspirators were using the van and storage unit to transport drugs and to cache illicit items in an attempt to conceal their attribution to contraband and illicit substances.

7. Agents secured the scene were SIMS was detained and submitted an Application for Search Warrant on the van driven by SIMS and storage unit 546 which he intended to enter. At approximately 3:30 pm, U. S. Magistrate Judge Lane approved a search warrant to seize evidence from the van and storage unit controlled by SIMS. The derivative search revealed the orange bag seen to have been possessed by SIMS in the van and on his person contained a significant quantity of counterfeit Adderall tablets. An industrial pill tableting mixer was also seized from SIMS' van. I conducted a presumptive Marquis Reagent drug field test on a sample tablet. The test indicated positive for Methamphetamine. The total gross weight seized from SIMS' possession was 6.5 kilograms of a mixture or substance containing Methamphetamine. I know, based on training and experience, counterfeit Adderall manufacturers use Methamphetamine as the integral agent in their pill mixture as it offers users an intense stimulant effect.

8. From the storage unit, agents seized another large exhibit of counterfeit Adderall pills (1.9 kilograms), also believed to contain Methamphetamine.

9. Contemporaneous with the investigation of SIMS, agent executed a federal search warrant on Rose Rodriguez Rabin's apartment where SIMS was seen leaving. In the search, agents seized a large pill press operation and 11 kilograms of counterfeit Adderall containing a mixture of Methamphetamine, based on a positive spectrometry test on scene. Rodriguez Rabin claimed post-arrest that Brandon SIMS is her roommate.

10. Agents positively identified Brandon SIMS based on a Texas Department of Motor Vehicles photograph identification and other government records checks.

## CONCLUSION

Based on the facts set forth above, I respectfully submit that there exists probable cause to charge Brandon SIMS with violations of Title 21, United States Code, Sections 841(a)(1), Distribution of Controlled Substances containing a mixture or substance of Methamphetamine.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

John N. Schexnayder
Special Agent
Drug Enforcement Administration

SWORN AND SUBSCRIBED before me this 12 day of December 2019, Austin, Texas.

Mark P. Lane
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF TEXAS