IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | 1:20-CR-11-RP-1 |
| | § | |
| Brandon Sims (1), | § | |
| Defendant | § | |

## **ORDER**

Before the Court is Defendant's Motion for Reconsideration of Detention Order, with Suggestions in Support ("Motion for Reconsideration") (Dkt. No. 23).

### I. BACKGROUND

On December 20, 2019, the Court held a Detention Hearing. The Court found that a rebuttable presumption of detention arises in this case under 18 U.S.C. § 3142(e)(3).[1] The Court further found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. The Court therefore ordered Defendant Brandon Sims detained pending trial. (Dkt. No. 10). On January 7, 2020, Defendant was indicted on two counts of conspiracy and possession with intent to distribute more than 500 grams methamphetamine, pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); one count of being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1).

---

[1] 18 U.S.C. § 3142(e)(3) provides in part that: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." Defendant has been indicted on such an offense.

1

## II. ANALYSIS

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Court held a hearing on Defendant's Motion for Reconsideration on February 13, 2020. With respect to information not known at the time of his detention hearing, Defendant introduced evidence that bail of $20,000 was set in Case Number 2017-CR-10063 in Bexar County, Texas, on January 16, 2020; that he has a verifiable offer of employment in Houston, Texas; and that he has significant family and community ties in the Houston area, including his mother and stepfather, who are willing to serve as third-party custodians.

After considering the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial Services Report, and the evidence and arguments of counsel presented at the detention hearing and at the hearing on Defendant's Motion for Reconsideration, it remains the conclusion of the Court that Defendant must be detained pending trial because the United States has proven by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required, and by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community.

Reasons particularly relevant to reconsideration of Defendant's detention include the facts that two loaded guns were found at the residence Defendant shared with his co-defendant and in a storage unit registered in his name; that he was on deferred adjudication probation for the State offense of possession with intent to deliver a controlled substance at the time of the alleged current offense; and that he apparently attempted to flee at the time of his arrest.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration (Dkt. No. 23) is **DENIED**.

**SIGNED** on February 13, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE