IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | 1:20-CR-11-RP-1 |
| | § | |
| Brandon Sims (1), | § | |
| Defendant | § | |

## **O R D E R**

Before the Court is Defendant's Motion for Pretrial Release in Support of Community Efforts to Limit the Spread of COVID-19 with Incorporated Memorandum of Law, filed on April 14, 2020, and the Government's Response in Opposition to Defendant's Motion to Revoke Detention Order. Dkt. Nos. 41, 42. The District Court referred Defendant's Motion to the undersigned for resolution on May 1, 2020. Dkt. No. 43.

Defendant was ordered detained after careful consideration of all evidence pertinent to the relevant statutory factors presented at two detention hearings. *See* Dkt. Nos. 10, 31, 33. The District Court's detention order was affirmed by the U.S. Court of Appeals for the Fifth Circuit. *United States of America v. Sims*, No. 20-50206 (5th Cir. April 16, 2020). Defendant now moves for pretrial release due to the exigent circumstances created by the COVID-19 pandemic.

The general risks of the novel coronavirus cannot be disputed, but the Court's decision must pertain to the detention of this defendant as an individual. Some courts evaluating the impact of COVID-19 on the pretrial release calculus have considered factors that include (1) the specificity of the defendant's stated COVID-19 concerns, and (2) the original grounds for the defendant's pretrial detention. *See, e.g.*, *United States v. Rowe-Hodges*, --- F. Supp. 3d ----, 2020 WL 1969217, at *2 n.2 (E.D. Tex. Apr. 14, 2020). The undersigned weighs these two considerations in deciding Defendant's motion.

1

### 1. Specificity of Defendant's Stated COVID-19 Concerns

Defendant has not established that he is at heightened risk of serious illness from the novel coronavirus. Defendant, who is 25 years old, asserts that he has "asthma and shortness of breath" as well as an unspecified "blood clotting medical issue." Dkt. No. 41 at 2. In support of his motion, however, he submits only a summary of a medical visit dated December 28, 2012, more than seven years ago. The summary shows diagnosis of an "Esophagus disorder [ ] which is a disorder that causes blockage in the lungs preventing swallowing.; Acute chest wall pains Shortness of breath." Dkt. No. 41-1. There is no mention in the summary of asthma or a blood clotting disorder.

Defendant states that, tragically, his father died of the novel coronavirus on April 10, 2020. Defendant also states that his father had a leg amputation due to a pulmonary embolism approximately 10 years ago and that, "[s]ince that time, Brandon Sims received periodic testing for asthma and blood work." Dkt. No. 41 at 2.

The Centers for Disease Control and Prevention ("CDC") lists among "people who are at higher risk for severe illness" from COVID-19 those with "moderate to severe asthma."[1] Defendant does not assert that his asthma is moderate to severe, or even that it requires medication. The CDC website does not indicate that individuals with blood clotting disorders are at higher risk for severe illness from the novel coronavirus, and Defendant submits no evidence in support.

In addition, according to the most recent evidence available, no novel coronavirus infections have been reported at the Bastrop County Jail, where Defendant is housed. Dkt. No. 42 at 10. Defendant has not established that he faces a particularized risk from COVID-19.

---

[1] From the CDC website, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 4, 2020).

## 2. Original Grounds for Defendant's Pretrial Detention

Under 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises in this case that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801-904. Defendant was ordered detained on the grounds that he did not rebut that presumption; rather, the United States proved by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure his appearance as required, and by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community.

At his detention hearings, the government presented extensive evidence that Defendant was manufacturing and selling counterfeit Adderall tablets containing methamphetamine on a large scale while he was on deferred adjudication probation for the State offense of possession with intent to deliver a controlled substance. The government also presented evidence that two firearms and a large amount of ammunition were found at the residence Defendant shared with his co-defendant and in a storage unit registered in his name, and also that Defendant attempted to flee at the time of his arrest, forcing agents to ram his vehicle to prevent his escape. Dkt. No. 42 at 4. If convicted on all counts, Defendant faces a mandatory minimum sentence of fifteen years and up to life imprisonment. *Id.* at 1-3. Under the considerations of U.S.C. § 3142, the risks of flight and danger to the community Defendant presents are clear. The grounds for his detention weigh heavily against pretrial release.

### 3.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Pretrial Release in Support of Community Efforts to Limit the Spread of COVID-19 (Dkt. No. 40) is **DENIED**.

**SIGNED** on May 4, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE